836 P.2d 386

**In the MATTER OF Henri L. SADAC-CA, II, a Member of the State Bar of Arizona, Respondent.**

No. SB–92–0045–D.

Comm. Nos. 89–0211, 90–1932.

Supreme Court of Arizona,
Before the Disciplinary Commission.

July 31, 1992.

Robert Swartz, State Bar Counsel and Harriet L. Turney, Chief Bar Counsel, State Bar of Arizona.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed before the Court,

IT IS ORDERED, ADJUDGED AND DECREED that HENRI L. SADACCA, II, a member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against HENRI L. SADACCA, II, for costs incurred by the State Bar of Arizona in the amount of $1,032.26, together with interest at the legal rate from the date of this judgment.

## EXHIBIT A

## DISCIPLINARY COMMISSION REPORT

Filed June 10, 1992.

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on April 11, 1992. Oral argument having been waived by stipulation, the Commission reviewed the hearing committee's recommendation of acceptance of the agreement for discipline by consent providing for censure and probation.

### Decision

After review of the record on appeal, the Commission, by a unanimous vote of eight aye,[1] adopts the committee's recommendation of acceptance of the agreement for discipline by consent, and orders that Respondent be censured and placed on probation for a period of one year under the terms and conditions set forth by separate order of the Commission, and that Respondent shall pay all costs and expenses incurred by the State Bar in this matter. The Commission also unanimously adopts the committee's findings of fact and conclusions of law.

.    .    .    .    .

1. Commissioner Hoffman did not participate in   these proceedings.

## Facts

The complaint against Respondent contains three counts. Count One concerns Respondent's retention by clients in a wage garnishment matter, in which Respondent negotiated a settlement between the clients and the entity garnishing his wages. Under the settlement terms, the payments were to be sent to Respondent, who was to forward the payments to the payee. After forwarding the initial payments, Respondent was informed that the payee had begun to deal directly with the clients, and that Respondent would no longer need to intercept the payments.

From July through November 1988, however, the clients sent Respondent four additional checks, totalling $550. Although Respondent did not forward any of the checks to the payee, neither did he negotiate the checks. Respondent returned them to the clients after receiving the complaint from the State Bar in February 1989.

On September 20, 1988, the clients mailed a request for an accounting to Respondent. He failed to respond. In fact, Respondent failed to respond to any correspondence or telephone calls from his clients from September 20, 1988, until May 22, 1989.

Count Three of the complaint involves Respondent's retention by a client to file a motion to set aside a judgment entered against the client. Respondent filed the motion to set aside; however, despite the fact that counsel for the judgment holder opposed Respondent's motion, Respondent failed to file a reply to that opposing response. He also failed to request oral argument. The motion to set aside judgment was ultimately denied.

Count Two of the complaint addresses Respondent's prior disciplinary record.

The complaint charges that Respondent's conduct violated ER 1.1, ER 1.2, ER 1.3, ER 1.4, and ER 1.15(b).

## Discussion of Decision

Respondent has conditionally admitted that, in Count One, his lack of diligence in handling checks received from his clients was a violation of ER 1.3; his failure to respond to the clients' letters and telephone calls for a period of eight months was a violation of ER 1.4; and his failure to notify anyone of his receipt of the checks was a violation of ER 1.15(b).[2] Further, Respondent has conditionally admitted that, in Count Three, his failure to diligently pursue the motion to set aside the judgment was a violation of ER 1.3. The hearing committee and the Commission agree, and the remaining violations charged in the complaint are dismissed.

The Commission relies in part on the American Bar Association's *Standards for Imposing Lawyer Sanctions* to determine the appropriate sanction. The Court has noted that these Standards provide a useful framework for achieving consistency and proportionality in the imposition of sanctions. *In re Spear*, 160 Ariz. 545, 774 P.2d 1335 (1989). Standards 4.4 and 4.1 are particularly applicable to the facts of this case.

Standard 4.4 addresses lack of diligence. Standard 4.43 provides for reprimand (censure in Arizona) when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client. Respondent's failure to forward his clients' checks and failure to communicate with his clients for eight months could have resulted in injury to the clients as a result of a breach of the settlement agreement. His failure to diligently pursue the motion to set aside the judgment did injure his client, who subsequently filed a malpractice action against Respondent.

Standard 4.1 addresses failure to preserve the client's property. Standard 4.13 provides for reprimand (censure in Arizona) when a lawyer is negligent in dealing with client property and causes injury or potential injury to a client. Checks that were

---

**2.** The Commission notes that the agreement for discipline refers to a violation of "ER 1.5(b)." The Commission recognizes this reference as a typographical error and interprets this admission as acknowledgement of a violation of ER 1.15(b).

sent to Respondent for forwarding to a third party were never forwarded. Although there is no suggestion that Respondent intended to convert the funds to his own use, Respondent's actions in keeping the checks were clearly negligent, and injury to his clients could have resulted.

The Commission also considered the decision in *In re Lindauer*, 167 Ariz. 29, 804 P.2d 758 (1991), in which the respondent was censured for similar conduct. Lindauer also failed to represent his clients in a diligent manner. After being retained by clients to represent them in a lawsuit, he failed to file his clients' list of witnesses and failed to challenge the opposing party's motion to set and certificate of readiness. This conduct is analogous to Respondent's failure to zealously pursue the motion to set aside the judgment against his client.

Unlike the present matter, Lindauer was also charged with lack of competence and failing to adequately instruct and supervise his non-lawyer assistants. However, Respondent also was charged with other misconduct in addition to lack of diligence. He failed to properly handle clients' monies and to provide his clients with an accounting of those funds. While the conduct differs from Lindauer's, it similarly resulted from a failure to maintain proper office procedure policies. Proportionality indicates the sanction in the instant case should be the same.

The only applicable factor in aggravation, as listed in Standard 9.22, is Respondent's prior disciplinary record. He was informally reprimanded in 1988 for similar conduct in violation of ER 1.4. Respondent failed, over a period of three years, to comply with a client's reasonable requests for information.

A number of factors in mitigation, as listed in Standard 9.32, are present. Respondent did not have a selfish or dishonest motive, as evidenced by his returning the checks, which were still unnegotiated over six months after receiving them; Respondent has been fully cooperative and forthcoming with the State Bar throughout the disciplinary proceedings; and Respondent has exhibited remorse for his conduct.

Although the mitigating factors outnumber the factors in aggravation, and the sanction in *Lindauer* was censure without probation, the Commission believes in the present matter a period of probation in addition to a censure is appropriate. A period of probation with terms specifically crafted to monitor Respondent's office practices and to ensure timely communication with clients will best serve to educate Respondent and, therefore, prevent future misconduct. In addition, this will serve the purpose of discipline, which is not to punish the respondent, but to protect the public, the profession, and the administration of justice. *In re Pappas*, 159 Ariz. 516, 768 P.2d 1161 (1988).

DONE at Yuma, Arizona, on June 8, 1992.

/s/ [Signature]

Larry W. Suciu

Chairman

Copies of the foregoing were delivered by U.S. Mail this 11th day of June, 1992, to:

Henri L. Sadacca, II, Respondent

338 North Granada

Tucson, Arizona 85701

Robert Swartz, Bar Counsel

363 North First Avenue

Phoenix, Arizona 85003

Brian I. Clymer, Chairman

Hearing Committee 5B

2343 East Broadway, Suite 200

Post Office Box 42887

Tucson, Arizona 85733–2887

Tobin Rosen, Member

Hearing Committee 5B

Post Office Box 27210

Tucson, Arizona 85726–7210

R. Thomas Euler, Member
Hearing Committee 5B
1602 East Fort Lowell Road
Tucson, Arizona 85719

. . . . .

. . . . .

ROSEMARY B. MARTIN
Disciplinary Clerk
By:/s/   E.A. Deering
         E.A. Deering
         Commission Secretary